IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Holmes Simpson Davis, <br><br> Plaintiff, <br><br> v. <br><br> Joel Anderson; Stacy Richardson; Katrina King; and Kellie Wasko, <br><br> Defendants. | C/A No. 5:24-cv-5635-JFA-KDW <br><br><br> **ORDER** |

## I.    INTRODUCTION

Holmes Simpson Davis ("Plaintiff"), proceeding pro se, filed this civil action alleging the named Defendants violated his constitutional rights afforded to him pursuant to the Sixth, Eighth, and Fourteenth Amendments. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After Plaintiff failed to respond to Defendants' discovery requests, Defendants filed a motion to dismiss for failure to prosecute. (ECF No. 36). After reviewing the motion and all responsive briefing, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 47). Within the Report, the Magistrate Judge opines that the Defendants' motion to dismiss should be denied and the Plaintiff should further be given additional time to engage in discovery efforts. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections on October 16, 2025

(ECF No. 55). Defendants did not file objections or respond to Plaintiff's filing and the time to do so has elapsed.  Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 47). The Report ultimately concludes that this case should not be dismissed for failure to prosecute. Defendants did not object to the Report.

Plaintiff objects to the Report in part but ultimately requests the court "deny Defendant's motion." (ECF No. 55). Plaintiff's objection takes issue with the Report's suggestion that Plaintiff be provided additional time to respond to Defendant's discovery requests given his lack of resources and limited access to certain documents. (ECF No. 55).

Because neither party objected to the ultimate conclusion that Defendants' motion to dismiss be denied, the court will not undertake a *de novo* review of the portions of the

3

Report relevant to that conclusion. The court has reviewed these portions for clear error and finds no issue with the Report.

As to Plaintiff's objection regarding discovery, Plaintiff is reminded that the Report suggests allowing Plaintiff additional time to engage in discovery as an alternative to dismissal for failure to prosecute. The court is aware of Plaintiff's limited resources and access but, as explained in the Report, Plaintiff is nevertheless required to engage in discovery efforts to the extent possible. Plaintiff's objection merely expresses his dissatisfaction with this recommendation with no other argument or support. After reviewing the Report and relevant record, the court agrees that Plaintiff should be required to engage in discovery and be afforded additional time to satisfy his obligations. Accordingly, Plaintiff's objection is overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 47). For the reasons discussed above and in the Report, Defendants' motion (ECF No. 36) is denied. This matter is recommitted back to the Magistrate Judge for further proceedings.

Additionally, the court reiterates the Magistrate Judge's prior warning: **Plaintiff is now specifically advised that should he fail to respond to Defendants' discovery**

4

**requests, his case may be subject to involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

November 6, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge